■ KATHERINE SCARNICI, Appellant, v MATTHEW JEAN-LOUIS et al., Respondents. [890 NYS2d 63]—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Agate, J.), dated May 13, 2009, as granted the motion of the defendants Matthew Jean-Louis and Jacob Levy, and that branch of the separate motion of the defendant Kevin D. Sexton, which were for summary judgment dismissing the complaint insofar as asserted against them on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable to the plaintiff by the defendants appearing separately and filing separate briefs, the motion of the defendants Matthew Jean-Louis and Jacob Levy, and that branch of the separate motion of the defendant Kevin D. Sexton, which were for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) are denied, and so much of the order as denied, as academic, that branch of the motion of the defendant Kevin D. Sexton which was for summary judgment dismissing the complaint insofar as asserted against him on the ground of no liability, is vacated, and the matter is remitted to the Supreme Court, Queens County, for a determination of that branch of the motion on the merits.

There are triable issues of fact with respect to whether the plaintiff sustained a serious injury under Insurance Law § 5102 (d). Consequently, the Supreme Court should have denied the motion of the defendants Matthew Jean-Louis and Jacob Levy, and that branch of the separate motion of the defendant Kevin D. Sexton, which were for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Trigg v Gradischer,* 6 AD3d 525 [2004]).

In light of our determination, we remit the matter to the Supreme Court, Queens County, for a determination on the merits of that branch of Sexton's motion which was for summary judgment dismissing the complaint insofar as asserted against him on the ground of no liability. Fisher, J.P., Florio, Angiolillo, Eng and Roman, JJ., concur.