In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Spinner, J.), dated November 28, 2011, which granted the plaintiffs motion for summary judgment on the issue of liability.
Ordered that the order is reversed, on the law, with costs, and the plaintiffs motion for summary judgment on the issue of liability is denied.
The plaintiff was injured when he was struck by the defendant’s vehicle as it exited a parking lot. At the time of the occurrence the plaintiff was walking on a sidewalk adjacent to the parking lot. In order to exit the parking lot, vehicles had to traverse a ramped portion of the adjacent sidewalk. The plaintiff moved for summary judgment on the basis that the defendant failed to yield the right of way. The Supreme Court granted the motion, finding, inter alia, that the plaintiff established his prima facie entitlement to judgment as a matter of law.
“There can be more than one proximate cause [of an accident] and, thus, the proponent of a summary judgment motion has the burden of establishing freedom from comparative negligence as a matter of law” (Pollack v Margolin, 84 AD3d 1341, 1342 [2011]; see Simmons v Canady, 95 AD3d 1201 [2012]; Cohn v Khan, 89 AD3d 1052 [2011]; Roman v A1 Limousine, Inc., 76 AD3d 552 [2010]). Here, in support of his motion for summary judgment on the issue of liability, the plaintiff submitted, inter alia, the deposition testimony of the parties, which presented conflicting factual versions as to the happening of the accident. In particular, the plaintiff gave equivocal testimony regarding where the defendant’s vehicle was located when the plaintiff first observed it. Under these circumstances, the plaintiff failed to meet his prima facie burden of eliminating a triable issue of fact as to his comparative fault (see Simmons v Canady, 95 AD3d at 1203). Accordingly, the plaintiffs motion for summary judgment should have been denied without consideration of the sufficiency of the defendant’s opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Cali v Mustafa, 68 AD3d *657 700 [2009]). Balkin, J.P., Leventhal, Sgroi and Miller, JJ., concur.