In an action, inter alia, to recover damages for personal injuries, the defendants Ruthanne M. Byrne-Lowell and James R. Lowell, Jr., appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (McMahon, J.), dated June 26, 2012, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.
Ordered that the order is affirmed insofar as appealed from, with costs.
“There can be more than one proximate cause of an accident” *710 (Cox v Nunez, 23 AD3d 427, 427 [2005]; see Burnett v Reisenauer, 107 AD3d 656, 656 [2013]; Graeber-Nagel v Naranjan, 101 AD3d 1078, 1078 [2012]; Pollack v Margolin, 84 AD3d 1341, 1342 [2011]; Kim v Acosta, 72 AD3d 648, 648 [2010]). Therefore, a movant seeking summary judgment is required to make a prima facie showing that he or she is free from comparative fault (see Burnett v Reisenauer, 107 AD3d at 656; Graeber-Nagel v Naranjan, 101 AD3d at 1078; Pollack v Margolin, 84 AD3d at 1342; Mackenzie v City of New York, 81 AD3d 699, 699 [2011]; Bonilla v Gutierrez, 81 AD3d 581, 582 [2011]; Roman v A1 Limousine, Inc., 76 AD3d 552, 552 [2010]).
Here, in support of their motion for summary judgment, the appellants submitted, inter alia, transcripts of the deposition testimony of the parties, which presented conflicting versions of the material facts surrounding the happening of the accident. Under these circumstances, the appellants failed to establish their prima facie entitlement to judgment as a matter of law on the issue of comparative fault (see Burnett v Reisenauer, 107 AD3d at 656; Simmons v Canady, 95 AD3d 1201, 1203 [2012]). Accordingly, the appellants’ motion for summary judgment was properly denied, without regard to the sufficiency of the plaintiffs papers in opposition (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Burnett v Reisenauer, 107 AD3d at 656; Simmons v Canady, 95 AD3d at 1203).
Skelos, J.E, Dickerson, Chambers and Miller, JJ., concur.