■ ERICA M. FARRUGGIO, Appellant, v LAUREN LAVENDER, Also Known as LAUREN A. LAVENDER, Respondent. [999 NYS2d 452]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Asher, J.), dated December 30, 2013, as denied that branch of her motion which was for summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with costs.

"To prevail on a motion for summary judgment on the issue of liability in an action alleging negligence, a plaintiff has the burden of establishing, prima facie, not only that the defendant was negligent, but that the plaintiff was free from comparative fault" (*Ramos v Bartis*, 112 AD3d 804, 804 [2013]; *see Thoma v Ronai*, 82 NY2d 736, 737 [1993]; *Sirlin v Schreib*, 117 AD3d 819, 819 [2014]; *Lanigan v Timmes*, 111 AD3d 797, 798 [2013]).

Here, the plaintiff's evidentiary submissions were insufficient to eliminate all triable issues regarding the facts surrounding the accident, and whether she was at fault in the happening thereof (*see Burnett v Reisenauer*, 107 AD3d 656, 656 [2013]). While the plaintiff's evidence demonstrated that the defendant may have been speeding at the time of the accident, and did not see the plaintiff's vehicle until it was right in front of her, the defendant's deposition testimony, a transcript of which was included in the plaintiff's submissions, indicated that the plaintiff made an unsafe lane change in violation of Vehicle and

Traffic Law § 1128 (a) (*see Meng Wai Wang v Dailly News, L.P.*, 90 AD3d 624, 625 [2011]). Since the plaintiff's submissions revealed the existence of triable issues of fact, she failed to demonstrate her prima facie entitlement to judgment as a matter of law and, accordingly, the Supreme Court properly denied that branch of her motion which was for summary judgment on the issue of liability, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Mastro, J.P., Roman, Miller and Maltese, JJ., concur.