■ VITA RUGGIERO, Plaintiff, and DOMINICK RUGGIERO, Plaintiff/Counterclaim Defendant-Appellant, v PATRICIA LENTINI et al., Defendants/Counterclaim Plaintiffs-Respondents. (And a Third-Party Action.) [1 NYS3d 154]—

In an action to recover damages for personal injuries, the plaintiff Dominick Ruggiero appeals from an order of the Supreme Court, Queens County (Flug, J.), entered July 23, 2014, which denied his motion for summary judgment dismissing the defendants' counterclaim against him.

Ordered that the order is affirmed, with costs.

On July 8, 2009, at the intersection of 204th Street and 46th Road, in Queens, a vehicle owned and operated by the plaintiff Dominick Ruggiero (hereinafter the appellant), in which his wife, the plaintiff Vita Ruggiero, was a passenger, was involved in a collision with a vehicle operated by the defendant Patricia Lentini and owned by the defendant Jennifer Dawn Gelpi. The street on which Lentini was traveling, 46th Road, was controlled by a stop sign at the subject intersection, while the street on which the appellant was traveling, 204th Street, was not. After this action was commenced, the defendants served an answer and interposed a counterclaim against the appellant for contribution and indemnification with respect to damages claimed by his wife. The Supreme Court denied the appellant's motion for summary judgment dismissing the counterclaim against him.

There can be more than one proximate cause of a motor vehicle accident and, thus, the proponent of a summary judgment motion has the burden of establishing freedom from comparative fault as a matter of law (see *Rodriguez v Klein*, 116 AD3d 939 [2014]; *Incle v Byrne-Lowell*, 115 AD3d 709 [2014]; *Shui-Kwan Lui v Serrone*, 103 AD3d 620, 621 [2013]; *Pollack v Margolin*, 84 AD3d 1341, 1342 [2011]). "Evidence that one driver 'ran' a stop sign does not preclude a finding that comparative [fault] on the part of the other driver contributed to the accident" (*Luke v McFadden*, 119 AD3d 533, 533 [2014]).

Here, in support of his motion to dismiss the defendants' counterclaim against him, the appellant submitted, inter alia, the transcript of his deposition testimony and that of his wife which presented conflicting versions of the material facts regarding the amount of time that elapsed between the time that the appellant was made aware that Lentini was not stopping at the stop sign and the impact, and his actions in response to Lentini's failure to yield the right-of-way. Therefore, even though the appellant established that Lentini was negligent as a matter of law for violating Vehicle and Traffic Law §§ 1142 (a) and 1172 (a), he failed to establish his prima facie entitlement to judgment as a matter of law on the issue of comparative fault (see *Incle v Byrne-Lowell*, 115 AD3d at 710; see also *Simmons v Canady*, 95 AD3d 1201, 1203 [2012]).

Accordingly, the appellant's motion for summary judgment was properly denied, without regard to the sufficiency of the defendants' papers in opposition (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Dillon, J.P., Dickerson, Austin and Cohen, JJ., concur.