■ Lori Weisberg et al., Respondents-Appellants, v Timothy James et al., Appellants-Respondents. [45 NYS3d 213]—

In an action to recover damages for personal injuries, etc., the defendants appeal from so much of an order of the Supreme Court, Rockland County (Kelly, J.), dated October 27, 2014, as denied their cross motion for summary judgment dismissing the complaint on the ground that the plaintiff Lori Weisberg did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, and the plaintiffs cross-appeal from so much of the same order as denied their motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, without costs or disbursements.

The defendants failed to meet their prima facie burden of showing that the plaintiff Lori Weisberg (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants' motion papers failed to adequately address the injured plaintiff's claim, set forth in the bill of particulars, that she sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Lomnicki v Briere*, 140 AD3d 1124, 1124 [2016]; *Che Hong Kim v Kossoff*, 90 AD3d 969, 969 [2011]; *Rouach v Betts*, 71 AD3d 977, 977 [2010]). Since the defendants failed to meet their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiffs in opposition were sufficient to raise a triable issue of fact (*see Che Hong Kim v Kossoff*, 90 AD3d at 969). Accordingly, the Supreme Court properly denied the defendants' cross motion for summary judgment dismissing the complaint on the ground that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

The Supreme Court also properly denied the plaintiffs' motion for summary judgment on the issue of liability. In support of their motion, the plaintiffs' evidentiary submissions, which included the transcripts of the deposition testimony of the injured plaintiff and each defendant, presented conflicting factual versions as to the happening of the accident (*see Farruggio v Lavender*, 123 AD3d 875, 875-876 [2014]; *Burnett v Reisenauer*, 107 AD3d 656 [2013]). In particular, the injured plaintiff testified that her vehicle was stopped at the exit of a parking lot waiting to make a right turn when it was struck in the rear by the defendants' vehicle, while the defendants' deposition testimony indicated that the injured plaintiff's vehicle began to make a right turn, then stopped suddenly and rolled backwards into their vehicle. Since the plaintiffs' submissions revealed the existence of a triable issue of fact, they failed to demonstrate their prima facie entitlement to judgment as a matter of law and, thus, the court properly denied their motion for summary judgment on the issue of liability, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Austin, J.P., Cohen, Maltese and Duffy, JJ., concur.