■ RICHARD SANON, Respondent, v MICHAEL JOHNSON, Appellant. [49 NYS3d 519]—In an action to recover damages for

personal injuries, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated April 14, 2016, as denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court denied the defendant's motion for summary judgment dismissing the complaint solely on the ground that the electronic signature of the defendant's expert on his report was in impermissible form. We affirm, but on a different ground. We find it unnecessary to pass upon the issue of the signature inasmuch as we find that the defendant failed to meet his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The papers submitted by the defendant failed to adequately address the plaintiff's claim, set forth in his bill of particulars, that he sustained a medically determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]; *Rouach v Betts*, 71 AD3d 977 [2010]; *cf. Calucci v Baker*, 299 AD2d 897 [2002]). Since the defendant failed to meet his prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Che Hong Kim v Kossoff*, 90 AD3d at 969). Balkin, J.P., Miller, Duffy, LaSalle and Brathwaite Nelson, JJ., concur.