██ GRACIELA LARA, Appellant, et al., Plaintiff, v MARGARET NELSON et al., Respondents. (And Another Action.) [50 NYS3d 493]—

In an action to recover damages for personal injuries, the plaintiff Graciela Lara appeals, as limited by her notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Brown, J.), entered April 22, 2015, as granted those branches of the motion of the defendant Margaret Nelson and the separate motion of the defendants Lesly B. Francois and County of Nassau which were for summary judgment dismissing the complaint insofar as asserted by the plaintiff Graciela Lara against each of them on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs to the plaintiff Graciela Lara payable by the respondents, those branches of the defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted by the plaintiff Graciela Lara against each of them on the ground that the plaintiff did

not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident are denied, so much of the order as denied, as academic, that branch of the motion of the defendants Lesly B. Francois and County of Nassau which was for summary judgment dismissing the complaint in Action No. 1 insofar as asserted by the plaintiff Graciela Lara against them on the ground of no liability is vacated, and the matter is remitted to the Supreme Court, Nassau County, for a determination on the merits of that branch of the motion of the defendants Lesly B. Francois and the County of Nassau.

On August 21, 2012, a bus, operated by the defendant Lesly B. Francois and owned by the defendant County of Nassau (hereinafter together the County defendants), allegedly was involved in an accident with a vehicle operated by the defendant Margaret Nelson. The plaintiffs, Graciela Lara (hereinafter the appellant) and her minor son, Oseas Lara, were passengers on the bus. The appellant, individually, and on behalf of her son, commenced this action to recover damages for personal injuries allegedly sustained in the accident. Thereafter, Nelson moved for summary judgment dismissing the complaint insofar as asserted against her on the ground that the plaintiffs did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The County defendants separately moved for summary judgment dismissing the complaint insofar as asserted against them on the same ground and on the ground that Nelson's actions were the sole proximate cause of the accident. The Supreme Court granted Nelson's motion, and that branch of the County defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiffs did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. The Supreme Court denied, as academic, that branch of the County defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that they were not liable. The appeal is from so much of the order as granted those branches of the defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted by the appellant on the ground that she did not sustain a serious injury.

The defendants, moving separately but relying on the same evidence and arguments, failed to meet their prima facie burden of showing that the appellant did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see *Toure v Avis Rent A Car Sys.*,

98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The papers submitted by the defendants failed to adequately address the appellant's claim, set forth in the bill of particulars, that she sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]; *Rouach v Betts*, 71 AD3d 977, 977 [2010]). Specifically, the defendants failed to demonstrate, prima facie, that the appellant was able to perform all or substantially all of her usual and customary activities during the statutory period (*see Katechis v Batista*, 91 AD3d 912 [2012]). Since the defendants did not sustain their prima facie burden, it is unnecessary to determine whether the papers submitted by the appellant in opposition to their separate motions were sufficient to raise a triable issue of fact (*see Che Hong Kim v Kossoff*, 90 AD3d at 969).

Accordingly, the Supreme Court erred in granting those branches of the defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted by the appellant on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

In light of our determination, we remit the matter to the Supreme Court, Nassau County, for a determination on the merits of that branch of the County defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the appellant against them on the ground of no liability (*see Scarnici v Jean-Louis*, 67 AD3d 888, 889 [2009]). Hall, J.P., Austin, Sgroi and Connolly, JJ., concur.