(April 19, 2017)

■ ESTHER AHARONOFF-ARAKANCHI et al., Respondents, v FRANK L. MASELLI et al., Appellants. [50 NYS3d 296]—

In an action, inter alia, to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Feinman, J.), entered October 29, 2015, as denied that branch

of their motion which was for summary judgment dismissing the complaint on the ground that the plaintiff Esther Aharonoff-Arakanchi did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants failed to meet their prima facie burden of showing that the plaintiff Esther Aharonoff-Arakanchi (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The papers submitted by the defendants failed to adequately address the injured plaintiff's claim, set forth in the bill of particulars, that she sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]; *Rouach v Betts*, 71 AD3d 977 [2010]). Since the defendants failed to meet their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiffs in opposition were sufficient to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Che Hong Kim v Kossoff*, 90 AD3d at 969).

Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint. Balkin, J.P., Miller, Duffy, LaSalle and Brathwaite Nelson, JJ., concur.