■ ABEL VALERIO, Appellant, v TERRIFIC YELLOW TAXI CORP. et al., Respondents. [50 NYS3d 882]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Velasquez, J.), dated May 27, 2016, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The papers submitted by the defendants failed to adequately address the plaintiff's claim, set forth in the bill of particulars, that he sustained a medically determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]; *Rouach v Betts*, 71 AD3d 977 [2010]; *cf. Calucci v Baker*, 299 AD2d 897 [2002]).

Since the defendants failed to meet their prima facie burden,

it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (see *Che Hong Kim v Kossoff*, 90 AD3d at 969). Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Balkin, Barros and Brathwaite Nelson, JJ., concur.