■ VALERIY YAMPOLSKIY, Appellant, v JUDITH L. BARON et al., Respondents. [53 NYS3d 677]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lewis, J.), dated December 12, 2014, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident and denied his cross motion to preclude the defendants from offering expert evidence in support of their motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the defendants' motion for summary judgment dismissing the complaint, and substituting therefor a provision denying that motion; as so modified, the order is affirmed, with costs to the plaintiff.

"[A] party's failure to disclose its experts pursuant to CPLR 3101 (d) (1) (i) prior to the filing of a note of issue and certificate of readiness does not divest a court of the discretion to consider an affirmation or affidavit submitted by that party's experts in the context of a timely motion for summary judgment" (Rivers v Birnbaum, 102 AD3d 26, 31 [2012]). Under the circumstances of this case, the Supreme Court properly denied

the plaintiff's cross motion to preclude the expert materials submitted by the defendants in support of their motion for summary judgment, as there was no evidence that the failure to disclose the experts was intentional or willful, and there was no showing of prejudice to the plaintiff (*see Begley v City of New York*, 111 AD3d 5, 36 [2013]; *Salcedo v Weng Qu Ju*, 106 AD3d 977, 978 [2013]; *Hayden v Gordon*, 91 AD3d 819, 820 [2012]).

In support of their motion for summary judgment dismissing the complaint, the defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The papers submitted by the defendants failed to adequately address the plaintiff's claim, set forth in his bill of particulars, that he sustained a medically determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]; *Rouach v Betts*, 71 AD3d 977 [2010]; *cf. Calucci v Baker*, 299 AD2d 897 [2002]). Since the defendants failed to meet their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Che Hong Kim v Kossoff*, 90 AD3d at 969). Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Balkin, Austin and Connolly, JJ., concur.