Inesta v Florio (2018 NY Slip Op 01455)





Inesta v Florio


2018 NY Slip Op 01455


Decided on March 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
VALERIE BRATHWAITE NELSON, JJ.


2017-00711
 (Index No. 100040/13)

[*1]Eric R. Inesta, et al., appellants, 
v
Mary Florio, respondent.


Jonathan D'Agostino & Associates, P.C., Staten Island, NY (Glen Devora of counsel), for appellants.
Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Marshall D. Sweetbaum and Jackie Gross], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (Troia, J.), dated October 28, 2016, which granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
A car driven by the plaintiff Eric R. Inesta (hereinafter the injured plaintiff) and a car driven by the defendant collided while the defendant was driving westbound on a two-lane road with curbside parking and the injured plaintiff was pulling into the westbound lane from a parking space. The plaintiffs commenced this action, inter alia, to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion. The plaintiffs appeal.
The Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Since there can be more than one proximate cause of an accident, a defendant driver seeking summary judgment is required to make a prima facie showing that he or she is free from comparative fault (see Gobin v Delgado, 142 AD3d 1134, 1135; Incle v Byrne-Lowell, 115 AD3d 709, 710). "Generally, it is for the trier of fact to determine the issue of proximate cause" (Kalland v Hungry Harbor Assoc., LLC, 84 AD3d 889, 889; see Gobin v Delgado, 142 AD3d at 1135).
Here, the defendant failed to establish, prima facie, that the injured plaintiff's negligence in pulling out of a curbside parking spot was the sole proximate cause of the accident and that the defendant was free from comparative fault (see Espinoza v Coco-Cola Bottling Co. of N.Y., Inc., 121 AD3d 640, 641). In particular, the defendant failed to eliminate triable issues of fact as to whether she failed to see what was there to be seen through the proper use of her senses and to use reasonable care to avoid a collision (see Rojas v Solis, 154 AD3d 985; Gobin v Delgado, 142 AD3d at 1135; Mu-Jin Chen v Cardenia, 138 AD3d 1126, 1127-1128).
The plaintiffs' remaining contention is without merit.
AUSTIN, J.P., ROMAN, SGROI and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court