Heaney v Kahn (2020 NY Slip Op 01333)





Heaney v Kahn


2020 NY Slip Op 01333


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2019-00778
 (Index No. 610843/17)

[*1]Jamie Heaney, et al., appellants,
v
Adam Kahn, respondent.


Alan W. Clark & Associates, LLC, Westbury, NY, for appellants.
Sette & Apoznanski (Russo & Tambasco, Melville, NY [Yamile Al-Sullami], of counsel), for respondent.
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), entered December 26, 2018.



DECISION & ORDER
The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff Jamie Heaney (hereinafter the plaintiff) alleges she was operating a bicycle on a sidewalk when she collided with the defendant's vehicle, which was attempting to exit from a parking lot in Rockville Centre. The plaintiff, and her husband suing derivatively, commenced this action against the defendant. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint, and the plaintiffs appeal.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709; see Gezelter v Pecora, 129 AD3d 1021, 1021-1022). "There can be more than one proximate cause of an accident" (Cox v Nunez, 23 AD3d 427; see Burnett v Reisenauer, 107 AD3d 656), and the issue of proximate cause is generally one for the jury (see Derdiarian v Felix Contr. Corp., 51 NY2d 308, 314-315; Liquori v Brown, 172 AD3d 1354, 1355). Here, the defendant's vehicle had pulled out from a parking lot and came to a stop immediately prior to the impact. The defendant failed to establish, prima facie, that the presence of his vehicle on the sidewalk merely furnished the condition or occasion for the occurrence of the event but was not one of its causes (see generally Sheehan v City of New York, 40 NY2d 496, 503).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint regardless of the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
AUSTIN, J.P., MILLER, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court