| **Martinez v Ruggiero** |
| :---: |
| 2023 NY Slip Op 34572(U) |
| December 26, 2023 |
| Supreme Court, Kings County |
| Docket Number: Index No. 509897/2020 |
| Judge: Debra Silber |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS : PART 9**

_____

**MARA M. MARTINEZ,**

                       **Plaintiff,**

      **-against-**

**JOANNA RUGGIERO,**

                    **Defendant.**

_____

**DECISION / ORDER**

**Index No. 509897/2020**

**Motion Seq. No. 1**

***Recitation, as required by CPLR 2219(a), of the papers considered in the review of defendant's motion for summary judgment.***

| Papers | NYSCEF Doc. |
|---|---|
| Notice of Motion, Affirmation and Exhibits Annexed.................... | 26-46 |
| Affirmation in Opposition and Exhibits........................................ | 51-53, 55 |
| Reply Affirmation............................................................................ | 54 |

**Upon the foregoing cited papers, the Decision/Order on this motion is as follows:**

This is a personal injury action arising out of a motor vehicle accident that occurred on May 3, 2019.  At the time of the accident, the plaintiff and the defendant were each driving their own vehicles when they came into contact with each other at the intersection of East 80th Street and Avenue J, in Brooklyn, New York.

The defendant timely moves for summary judgment dismissing the plaintiff's complaint, pursuant to CPLR Rule 3212, on the ground that plaintiff did not sustain a "serious injury" as defined by Insurance Law § 5102 (d).

Plaintiff's bill of particulars alleges that she sustained injuries to her left shoulder, right shoulder, cervical spine, and lumbar spine as a result of the accident.  At the time of the accident, plaintiff was sixty-five years old.  Plaintiff did not request an ambulance at the scene, but she

[* 1]

testified that she went to a hospital emergency room after the accident. She subsequently had arthroscopic surgery to her left shoulder.

The defendant provides, in support of her motion, affirmed medical reports from an orthopedist and a radiologist, the plaintiff's and the defendant's EBT transcripts, plaintiff's bill of particulars, the pleadings, the police accident report, photos of the vehicles, plaintiff's radiology reports from Lenox Hill Radiology, plaintiff's discharge summary from her emergency room visit on May 6, 2019, plaintiff's left shoulder surgical report, several of plaintiff's treatment records and an affirmation of counsel.

Jeffrey Guttman, M.D., an orthopedist, examined plaintiff on February 23, 2022, two years and nine months after the accident. He provides an affirmed IME report [Doc 35] that states that he reviewed plaintiff's bill of particulars, the emergency department records dated 05/06/2019, the plaintiff's medical records, including MRI reports, and the operative report dated 09/04/2019, by Dov J. Berkowitz, with color surgical photographs of the left shoulder.

In his report, Dr. Guttman states that he conducted range of motion tests on the parts of the body that the plaintiff claims were injured in the subject accident. In his examination of the plaintiff's cervical spine, lumbosacral spine, and right shoulder, he reports that he found that the plaintiff had normal ranges of motion in all planes, when compared to "normals". However, in his examination of the plaintiff's left shoulder, Dr. Guttman found significant restrictions in the plaintiff's range of motion. Specifically, he found that plaintiff's left shoulder had "forward elevation to 160 degrees (180 degrees normal), extension to 60 degrees (40 degrees normal), abduction to 150 degrees (180 degrees normal), adduction to 30 degrees (30 degrees normal), external rotation to 75 degrees (90 degrees normal), internal rotation to 50 degrees (80 degrees normal)." Despite the fact that the plaintiff testified that she had never been in any previous accidents [Doc 33 at page 68], and that Dr. Guttman says that he agrees with the findings on the operative report, including the postoperative findings of a rotator cuff tendon tear and a tear of the anterior superior labrum in the plaintiff's left shoulder, he nevertheless opines that the plaintiff's injuries to her left shoulder are

[* 2]

degenerative and pre-existing. He also opines that the "[t]he decreased range of motion in the left shoulder exhibited by the claimant is considered a subjective response not substantiated by objective findings."

The court finds that defendant fails to make a prima facie case for summary judgment by establishing that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. See, *Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]. Dr. Guttman reports significant restrictions in plaintiff's range of motion in her left shoulder. As the defendant has failed to meet her burden of proof as to all claimed injuries and all applicable categories of injury, the motion must be denied, and it is unnecessary to consider the papers submitted by plaintiff in opposition (see *Yampolskiy v Baron*, 150 AD3d 795 [2d Dept 2017]; *Valerio v Terrific Yellow Taxi Corp.*, 149 AD3d 1140 [2d Dept 2017]; *Koutsoumbis v Paciocco*, 149 AD3d 1055 [2d Dept 2017]; *Aharonoff-Arakanchi v Maselli*, 149 AD3d 890 [2d Dept 2017]; *Lara v Nelson*, 148 AD3d 1128 [2d Dept 2017]; *Sanon v Johnson*, 148 AD3d 949 [2d Dept 2017]; *Weisberg v James*, 146 AD3d 920 [2d Dept 2017]; *Marte v Gregory*, 146 AD3d 874 [2d Dept 2017]; *Goeringer v Turrisi*, 146 AD3d 754 [2d Dept 2017]; *Che Hong Kim v Kossoff*, 90 AD3d 969 [2d Dept 2011]).

In any event, had defendant made a prima facie case for dismissal, plaintiff has provided enough evidence to overcome it. In opposition to the motion, the plaintiff offers an affirmation from her treating surgeon, Dr. Dov. Berkowitz. In his affirmation, Dr. Berkowitz states that he reviewed the defendant's affirmed IME reports, as well as the plaintiff's treatment records, and he opines that the plaintiff "has sustained a permanent partial impairment of her left shoulder due to the above-referenced accident." He further opines that "[b]ased on the accuracy of these records, I state in my professional medical opinion that the injuries patient received to her left shoulder cannot possibly be attributed to any degenerative changes. The fact that the patient was asymptomatic prior to the May 3, 2019, accident, the symptoms of pain which the patient demonstrated right after the May 3, 2019, accident and presently, the complaints of pain in the left shoulder, which patient exhibited immediately after the accident, the testing initially performed to patient's left shoulder, as

[* 3]

well as during the recent examination I performed on July 13, 2023, without any significant improvements, the fact that the patient reached only partial recovery, despite the extensive rehabilitation treatment and presently expresses the symptoms of pain, all of these factors taken in summation support my professional medical opinion that the above described injuries Ms. Martinez sustained to her left shoulder could only be caused by the accident dated May 3, 2019."

As such, even if the defendant had made a prima facie showing, thereby shifting the burden of proof to the plaintiff, the affirmation from Dr. Berkowitz would be sufficient to raise a triable issue of fact with a "battle of the experts," and require a trial.

Accordingly, it is **ORDERED** that the motion is denied.

This constitutes the decision and order of the court.

Dated: December 26, 2023

**E N T E R :**

**Hon. Debra Silber, J.S.C.**

[* 4]