| |
|---|
| **Paris v Rigo-Li Auto Corp.** |
| 2023 NY Slip Op 34575(U) |
| December 27, 2023 |
| Supreme Court, Kings County |
| Docket Number: Index No. 524345/2019 |
| Judge: Debra Silber |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS : PART 9**

_____

WILKENS PARIS,

                             **Plaintiff,**

        **-against-**

RIGO-LI AUTO CORP. and CLIFFORD JEANBART,

                  **Defendants.**

_____

**DECISION / ORDER**

**Index No. 524345/2019**

**Motion Seq. No. 4**

_Recitation, as required by CPLR 2219(a), of the papers considered in the review of defendants'_
_motion for summary judgment._

| Papers | NYSCEF Doc. |
|---|---|
| Notice of Motion, Affirmation and Exhibits Annexed.................... | 39-47 |
| Affirmation in Opposition and Exhibits........................................ | 49-54 |
| Reply Affirmation........................................................................ | 55 |

**Upon the foregoing cited papers, the Decision/Order on this motion is as follows:**

This is a personal injury action arising out of a motor vehicle accident that occurred on March 20, 2018. At the time of the accident, the plaintiff was operating a bus, owned by non-party Rainbow Transit, Inc., and defendant, Clifford Jeanbart, was operating a vehicle owned by co-defendant Rigo-Li Auto, Corp., when they came into contact with each other at the intersection of Broadway Avenue and Covert Street, in Brooklyn, New York.

The defendants timely move for summary judgment dismissing the plaintiff's complaint, pursuant to CPLR Rule 3212, on the ground that plaintiff did not sustain a "serious injury" as defined by Insurance Law § 5102 (d).

Plaintiff's bill of particulars alleges that he sustained injuries to his cervical spine, lumbar spine, and right knee as a result of the accident. At the time of the accident, plaintiff was forty-one years old and was employed as a school bus driver. Plaintiff testified that he missed "[t]wo to three

[* 1]

weeks" from work as a result of the accident [Plaintiff EBT, Doc 47 at 34]. Although an ambulance came to the scene, the plaintiff declined transportation to a hospital and left the scene in his own vehicle. Approximately two days after the accident, the plaintiff sought treatment from a chiropractor, where he was treated for several months, and he also went to a doctor and received injections for pain to his back and left knee. The plaintiff offers no explanation regarding the discrepancy between the claim of a right knee injury in his bill of particulars and his testimony of injury and treatment to his left knee. The plaintiff's affidavit submitted in opposition to the motion offers no assistance as it makes no reference to an injury to either knee individually, but instead makes a claim of injuries to both knees. However, although no amended or supplemental bill of particulars is offered as an individually filed exhibit, the court notes that the plaintiff did supplement his bill of particulars on September 8, 2020 to include claims of injury to his left knee, a copy of which is included, along with the affirmation of service, within the exhibit containing plaintiff's medical records which the plaintiff annexed in opposition to the motion as Exhibit "D" [Doc 54, p 49].

The defendants provide, in support of their motion, an affirmed medical report from an orthopedist, the plaintiff's EBT transcript, plaintiff's bill of particulars, the pleadings, and an affirmation of counsel.

Jeffrey Guttman, M.D., an orthopedist, examined plaintiff on August 17, 2022, four years and five months after the accident. He provides an affirmed IME report [Doc 46] that states that he only reviewed plaintiff's bill of particulars in connection with the examination. Apparently, he was only given the original one, not the supplemental one served on defendants two years before the exam. He did not review any of plaintiff's medical records.

In his report, Dr. Guttman states that he conducted range of motion tests on the parts of the body that the plaintiff claims were injured in the subject accident or, at least, the parts of the body that were listed in the original bill of particulars, which is the only document that he reviewed. Following his examination of the plaintiff's cervical spine, lumbosacral spine, and right knee, he

[* 2]

reports that he found that the plaintiff had normal ranges of motion in all planes, when compared to "normals". He concludes his report by opining that the plaintiff's "alleged" injuries to his cervical spine, lumbar spine, and right knee are all "resolved," and further opines that "[b]ased on today's examination, there is no evidence of disability or permanent injury. The claimant can perform activities of daily living and is capable of performing work duties. All orthopedic testing was negative, there were no muscle spasms or trigger points and [his] reflexes, muscle strength, sensation and muscle tone were all normal. There is no need for any further diagnostic testing, orthopedic or physical therapy treatment."

As the court previously noted, the plaintiff's first bill of particulars included a claim of injury to the plaintiff's right knee, and his supplemental bill of particulars contained a claim of injury to the plaintiff's left knee. The court also notes that in the "history" section of his report, Dr. Guttman states that the plaintiff "reportedly sustained injuries to the following areas: lower back, shoulder and knees." In the "present complaints" section of his report, Dr. Guttman similarly notes that the "claimant complains of pain to his low back and knees." However, despite the fact that Dr. Guttman noted complaints about injuries to both knees twice in his report, he only examined the plaintiff's right knee. It's unclear why Dr. Guttman only reviewed the plaintiff's bill of particulars and no medical records, but any failure to provide Dr. Guttman with the plaintiff's supplemental bill of particulars or the plaintiff's medical records lies with the defendants, as it was their responsibility to provide the examining doctor with the plaintiff's relevant court and medical records. Had Dr. Guttman reviewed the plaintiff's supplemental bill of particulars or the plaintiff's medical records, he most likely would have seen that, of the plaintiff's two knees, his complaint was primarily about the left knee and not the right knee, and that the plaintiff only had an MRI of his left knee. In his report, Dr. Guttman clearly states that "[n]o legally authenticated medical records were provided for review." He goes on to state that "[i]f any legally authenticated medical records are available at any later time, I would be pleased to review them and advise whether they have any effect on my opinion, which is based solely on today's examination." As no supplemental report from Dr.

[* 3]

Guttman is offered, the court can only conclude that the defendants never provided the doctor with the plaintiff's supplemental bill of particulars or medical records, even after seeing that Dr. Guttman never examined the plaintiff's left knee.

The court finds that defendants fail to make a prima facie case for summary judgment. They have not established that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (See, *Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]). Dr. Guttman failed to examine the plaintiff's left knee and, as a result, offers no opinion about the plaintiff's claims of injury to that part of his body. As the defendants have failed to meet their burden of proof as to all claimed injuries and all applicable categories of injury, the motion must be denied, and it is unnecessary to consider the papers submitted by plaintiff in opposition (see *Yampolskiy v Baron*, 150 AD3d 795 [2d Dept 2017]; *Valerio v Terrific Yellow Taxi Corp.*, 149 AD3d 1140 [2d Dept 2017]; *Koutsoumbis v Paciocco*, 149 AD3d 1055 [2d Dept 2017]; *Aharonoff-Arakanchi v Maselli*, 149 AD3d 890 [2d Dept 2017]; *Lara v Nelson*, 148 AD3d 1128 [2d Dept 2017]; *Sanon v Johnson*, 148 AD3d 949 [2d Dept 2017];*Weisberg v James*, 146 AD3d 920 [2d Dept 2017]; *Marte v Gregory*, 146 AD3d 874 [2d Dept 2017]; *Goeringer v Turrisi*, 146 AD3d 754 [2d Dept 2017]; *Che Hong Kim v Kossoff*, 90 AD3d 969 [2d Dept 2011]).

In any event, had the defendants made a prima facie case for dismissal, the plaintiff has provided enough evidence to overcome it. In opposition to the motion, the plaintiff offers an affirmation from Dr. Christopher Kyriakides. In his affirmation, Dr. Kyriakides first provides the plaintiff's treatment history for the injuries that he claims he sustained in the subject accident. Dr. Kyriakides then states that he conducted a recent examination of the plaintiff on May 1, 2023 and found that the plaintiff "has spasms in the lumbosacral spine which are quite intense and bilateral. He has limited mobility with trunk flexion at 28 degrees and extension at 12 degrees (normal is 50 degrees), side bending is 22 degrees to the right and 25 degrees to the left (normal is 45 degrees) and rotation is at 25 degrees (normal is 80 degrees). Straight leg raising is abnormally positive bilaterally at 45 degrees and he has decreased deep tendon reflexes which are asymmetrical. At

[* 4]

L4-L5 there is weakness noted as well. At the left knee, there is pronounced medial joint line tenderness which is quite exquisite to the touch. He has 98 degrees of flexion (normal is 140 degrees) and -7 degrees of extension (normal is 0 degrees). He has a positive McMurray's click as well with positive patellofemoral crunch sign. There is also swelling noted at the prepatellar region." His assessment is that the plaintiff is "[s]tatus post traumatic motor vehicle accident with resultant: 1. Lumbosacral disc pathology evident with thecal sac impression. 2. Left knee internal derangement with osteochondral lesions and effusions." Dr. Kyriakides opines that "[t]his patient has sustained a partially permanently disabling injury as a direct result of this motor vehicle accident. This is precluded from performing strenuous activity and he has difficult time performing repetitive driving activity and he can no longer drive a bus for living." He concludes his report by opining that the plaintiff "remains partially permanently disabled" and will require further treatment.

As such, even if the defendants had made a prima facie showing, thereby shifting the burden of proof to the plaintiff, the affirmation from Dr. Kyriakides would be sufficient to raise a triable issue of fact with a "battle of the experts," and require a trial.

Accordingly, it is **ORDERED** that the motion is denied.

This constitutes the decision and order of the court.

Dated: December 27, 2023

**E N T E R :**

_____
**Hon. Debra Silber, J.S.C.**