**Smith v R & F Limousine Inc.**

2024 NY Slip Op 30036(U)

January 3, 2024

Supreme Court, Kings County

Docket Number: Index No. 511829/2018

Judge: Debra Silber

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

**SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : PART 9**

_____

| | |
|---|---|
| **TODD SMITH,** | **DECISION / ORDER** |
| **Plaintiff,** | **Index No. 511829/2018** |
| **-against-** | **Motion Seq. No. 6** |
| **R & F LIMOUSINE INC. and ABOUBACER SOUARE,** | |
| **Defendants.** | |

_____

***Recitation, as required by CPLR 2219(a), of the papers considered in the review of defendants'
motion for summary judgment.***

| **Papers** | **NYSCEF Doc.** |
|---|---|
| Notice of Motion, Affirmation and Exhibits Annexed.................... | 83-91 |
| Affirmation in Opposition and Exhibits........................................ | 94-101 |
| Reply Affirmation....................................................................... | |

**Upon the foregoing cited papers, the Decision/Order on this motion is as
follows:**

This is a personal injury action arising out of a motor vehicle accident which
occurred on April 13, 2018. At the time of the accident, the plaintiff was a pedestrian
walking in the crosswalk at the intersection of Third Avenue and East 162nd Street, in Bronx,
New York, when the vehicle operated by defendant Aboubacer Souare came into contact
with the plaintiff.

The defendants timely move for summary judgment dismissing the plaintiff's
complaint, pursuant to CPLR Rule 3212, on the ground that plaintiff did not sustain a
"serious injury" as defined by Insurance Law § 5102 (d).

[* 1]

Plaintiff's bill of particulars alleges that he sustained injuries to his right shoulder, right wrist, right thumb, a left rib, his left knee, cervical spine, and lumbar spine as a result of the accident.  At the time of the accident, plaintiff was twenty-five years old.  Plaintiff claims that he was rendered unconscious when he was hit, and he testified that he woke up in Lincoln Hospital in the Bronx, and he remained in the hospital for about a week.

The defendants provide, in support of their motion, affirmed reports from an orthopedist and a radiologist, the plaintiff's EBT transcript, plaintiff's bill of particulars, the pleadings, and an affirmation of counsel.

Salvatore Corso, M.D., an orthopedist, examined plaintiff on January 15, 2021, two years and nine months after the accident.  He provides an affirmed IME report [Doc 89] that states that he reviewed plaintiff's bill of particulars and the police accident report. He states that he did not review any of the plaintiff's medical records because "[t]here are no legally authenticated medical records available for review."

In his report, Dr. Corso states that he conducted range of motion tests on the parts of the body that the plaintiff claims were injured in the subject accident. In his examination of the plaintiff's cervical spine, right shoulder, left knee and right wrist/right thumbs, he reports that he found that the plaintiff had normal ranges of motion in all planes, when compared to "normals". However, in his examination of the plaintiff's lumbar spine, when measuring flexion, Dr. Corso found significant restrictions in the plaintiff's range of motion. Specifically, he found that plaintiff had a thirty-three percent loss of range of motion and states in his report that "[r]ange of motion shows forward flexion of 60 degrees (normal 90 degree)."  Dr. Corso's impression is that plaintiff sustained a cervical sprain, lumbar sprain, right shoulder sprain, left rib contusion, left knee internal derangement, right wrist sprain and right thumb sprain, all of which have "resolved."  Despite the fact that Dr. Corso found

[* 2]

"tenderness over the right and left paralumbar area" and a significant reduction in the range of motion in the plaintiff's lumbar spine, he nevertheless opines that the plaintiff's injuries have all "resolved." He further opines that "[t]he claimant did not sustain any significant or permanent injury as a result of the motor vehicle accident. There are no objective clinical findings indicative of a present disability, and functional impairment, which prevents the examinee from engaging in ADL, and usual activities including work, school, and hobbies." Dr. Corso is silent regarding the loss of range of motion that he noted in the plaintiff's lumbar spine.

Scott A. Springer, M.D., a radiologist, provides an affirmed report [Doc 90] that states that he reviewed the x-rays of the plaintiff's ribs. In his report, Dr. Springer finds that "[t]here is no evidence of rib fracture or lesion. There is no pleural effusion or pneumothorax. The visualized lung fields are clear. The remainder of the visualized osseous structures are intact." His impression is "[n]o fracture" and "[c]lear lungs" and he opines that there are "[n]o posttraumatic changes causally related to the 4/13/2018 incident."

The court finds that defendants fail to make a prima facie case for summary judgment by establishing that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see, *Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]). Dr. Corso reports significant restrictions in plaintiff's range of motion in his lumbar spine. As the defendants have failed to meet their burden of proof as to all claimed injuries and all applicable categories of injury, the motion must be denied, and it is unnecessary to consider the papers submitted by plaintiff in opposition (see *Yampolskiy v Baron*, 150 AD3d 795 [2d Dept 2017]; *Valerio v Terrific Yellow Taxi Corp.*, 149 AD3d 1140 [2d Dept 2017]; *Koutsoumbis v Paciocco*, 149 AD3d 1055 [2d Dept

[* 3]

2017]; *Aharonoff-Arakanchi v Maselli*, 149 AD3d 890 [2d Dept 2017]; *Lara v Nelson*, 148 AD3d 1128 [2d Dept 2017]; *Sanon v Johnson*, 148 AD3d 949 [2d Dept 2017]; *Weisberg v James*, 146 AD3d 920 [2d Dept 2017]; *Marte v Gregory*, 146 AD3d 874 [2d Dept 2017]; *Goeringer v Turrisi*, 146 AD3d 754 [2d Dept 2017]; *Che Hong Kim v Kossoff*, 90 AD3d 969 [2d Dept 2011]).

In any event, had the defendants made a prima facie case for dismissal, plaintiff has provided enough evidence to overcome it. In opposition to the motion, the plaintiff offers medical records from Physical Medicine & Rehabilitation of NY, P.C., which includes an affirmed report from Dr. Dina Nelson following an examination of the plaintiff that was conducted on May 15, 2018, approximately one month after the subject accident. Plaintiff also offers an affirmation from Dr. Matthew Wert, an orthopedist who recently examined the plaintiff on October 16, 2023.

In her affirmed report [Doc 97, pp 19-22], Dr. Nelson states that she found tenderness and significant reduction in the range of motion in the plaintiff's cervical spine and lumbar spine. For plaintiff's cervical spine, Dr. Nelson states "Range of motion in flexion is 40 degrees (normal is 50 degrees), extension is 0 degrees (normal is 60 degrees), lateral rotation left is 60 degrees (normal is 80 degrees), lateral rotation right is 60 degrees (normal is 80 degrees), lateral flexion left is 35 degrees (normal is 50 degrees), and lateral flexion right is 30 degrees (normal is 50 degrees). For his lumbar spine she found "Range of motion in flexion is 60 degrees (normal is 90 degrees), extension is 0 degrees (normal is 30 degrees). Straight leg raise is poorly tolerated, mostly with left knee pain, but pain radiating down the left leg." Dr. Nelson did not test the range of motion in plaintiff's shoulders and knees as she indicates he was experiencing too much pain. Her impression is that "[t]he patient is a 25-year-old right handed male . . . injured on April 13, 2018 as a

[* 4]

pedestrian struck with multiple injuries including head trauma with loss of consciousness; injury to the cervical spine with a questionable extradural hematoma; injury to the lumbar spine; injury to the right greater than left shoulder; injury to the left knee; left rib contusion." She opines that "[i]f the above history is correct then there is a causal relationship between the patient's accident that occurred on April 13, 2018 and his above complaints, injuries, and disabilities." Finally, she notes that "[t]he patient is unemployed. The patient is advised to refrain from any strenuous activities which may aggravate the injuries and cause worsening of symptoms. The patient should perform the tasks to the best of tolerance and limitations only."

In his affirmation [Doc 95], Dr. Wert states that he conducted an exam of the plaintiff and notes that "[u]pon physical examination of Mr. Smith on October 16, 2023, I measured range of motion of the Lumbar Spine objectively using a handheld goniometer. Mr. Smith's exam revealed the following range of motion of the Lumbar Spine: Flexion: 40 degrees (Normal - 70), Extension: 20 degrees (Normal - 35), Rt Rotation: 20 degrees(Normal - 35), Lt Rotation: 20 degrees (Normal - 35), Rt Bending: 20 degrees(Normal - 35), Lt Bending: 20 degrees (Normal - 30)." He further notes that "[u]pon physical examination of Mr. Smith on October 16, 2023, I measured range of motion of the Left Shoulder objectively using a handheld goniometer. Mr. Smith's exam revealed the following range of motion of the Left Shoulder: Flexion: 135 degrees (Normal - 180), Extension 45 degrees (Normal - 60), Extension 20 degrees (Normal - 30), Adduction 20 degrees (Normal - 30) Abduction 135 degrees (Normal - 180), Internal Rotation 50 degrees (Normal - 70), External Rotation 60 degrees (Normal- 90 degrees)." Finally, he states that "[u]pon physical examination of Mr. Smith on October 16, 2023, I measured range of motion of the Left Knee objectively using a handheld goniometer. Mr. Smith's exam revealed the following range of motion of the

[* 5]

Left Knee: Flexion: 110 degrees (Normal - 140)." Dr. Wert opines that "[m]y clinical impression after the evaluation of the patient is that the patient suffers from: 1) Left Shoulder Derangement; 2) Left Knee Internal Derangement; and 3) Lumbago," and that "[b]ased upon the objective findings from my examination of Mr. Smith, including objectively measured loss of range of motion, it is my opinion, within a reasonable degree of medical certainty, that patient's physical injuries are possibly permanent and casually related to the reported motor vehicle accident which occurred on April 13, 2018."

These reports demonstrate significant reductions in the range of motion in plaintiff's cervical and lumbar spine, left shoulder and left knee both contemporaneous with the accident and recently. As such, even if the defendants had made a prima facie showing, thereby shifting the burden of proof to the plaintiff, the affirmed report of Dr. Nelson and the affirmation from Dr. Wert would be sufficient to raise a triable issue of fact with a "battle of the experts," and require a trial.

Accordingly, it is **ORDERED** that the motion is denied.

This constitutes the decision and order of the court.

Dated: January 3, 2024

**E N T E R :**

_____
**Hon. Debra Silber, J.S.C.**

[* 6]