■ GINA DIANA ROUACH et al., Appellants, v CATHERINE L. BETTS et al., Respondents. [897 NYS2d 242]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Velasquez, J.), dated March 25, 2009, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff Gina Diana Rouach did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

Contrary to the Supreme Court's determination, the defendants failed to meet their prima facie burden of showing that the plaintiff Gina Diana Rouach (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see *Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The defendants' motion papers failed to adequately address the injured plaintiff's claim, clearly alleged in her bill of particulars, that she sustained a medically-determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident (hereinafter the 90/180 category) (see *Encarnacion v Smith*, 70 AD3d 628 [2010]; *Alvarez v Dematas*, 65 AD3d 598 [2009]; *Smith v Quicci*, 62 AD3d 858 [2009]; *Alexandre v Dweck*, 44 AD3d 597 [2007]; *Sayers v Hot*, 23 AD3d 453, 454 [2005]). The injured plaintiff was not examined by the defendants' examining neurologist and orthopedist until more than one year after the accident, and both failed to relate their findings to the 90/180 category of serious injury for the period of time immediately following the accident. The defendants' submissions failed to show that the injured plaintiff, during this time, was able to perform substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident.

Since the defendants failed to meet their prima facie burden, it is unnecessary to consider whether the papers submitted by the plaintiffs in opposition to the defendants' motion were sufficient to raise a triable issue of fact (see *Encarnacion v Smith*,

70 AD3d 628 [2010]; *Alvarez v Dematas*, 65 AD3d 598 [2009]; *Smith v Quicci*, 62 AD3d 858 [2009]; *Alexandre v Dweck*, 44 AD3d 597 [2007]; *Sayers v Hot*, 23 AD3d 453 [2005]). Mastro, J.P., Santucci, Dickerson, Belen and Austin, JJ., concur.