■ DAVID PERALTA, Appellant, et al., Plaintiffs, v EDWARD J. KRAVITZ, Respondent. [17 NYS3d 316]—In an action, inter alia, to recover damages for personal injuries, the plaintiff David Peralta appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Dufficy, J.), dated June 5, 2014, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted by him on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff David Peralta is denied.

The defendant failed to meet his prima facie burden of showing that the plaintiff David Peralta did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 955-956 [1992]). The papers submitted by the defendant failed to adequately address Peralta's claim, set forth in the bill of particulars, that he sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]; *Rouach v Betts*, 71 AD3d 977 [2010]).

In light of the defendant's failure to meet his prima facie burden, it is unnecessary to determine whether the papers submitted in opposition were sufficient to raise a triable issue of fact (*see Che Hong Kim v Kossoff*, 90 AD3d at 969). Therefore, the Supreme Court should have denied that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted by Peralta. Mastro, J.P., Hall, Sgroi and Duffy, JJ., concur.