■ JAN KWASNIAK, Appellant, v THOMAS J. CARBONE et al., Respondents. [19 NYS3d 438]—In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated December 10, 2013, as granted the motion of the defendants Steve Mikedis and Angeliki Mikedis, and the separate motion of the defendants Thomas J. Carbone and Jet Air Trans, Inc., for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the motion of the defendants Steve Mikedis and Angeliki Mikedis, and the separate motion of the defendants Thomas J. Carbone and Jet Air Trans, Inc., for summary judgment dismissing the complaint insofar as asserted against each of them are denied.

The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The

papers submitted by the defendants failed to adequately address the plaintiff's claim, set forth in the bill of particulars, that he sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]; *Rouach v Betts*, 71 AD3d 977 [2010]).

In light of the defendants' failure to meet their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Che Hong Kim v Kossoff*, 90 AD3d at 969). Therefore, the Supreme Court should have denied the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them. Leventhal, J.P., Austin, Roman, Miller and Barros, JJ., concur.