■ HEATHER J. DIDOMENICO, Appellant, v ANNE KOCUR, Individually and as Administratrix of the Estate of PAUL J. KOCUR, Deceased, Respondent. [30 NYS3d 911]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Rouse, J.), dated April 6, 2015, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiff's contention that the Supreme Court should not have considered the defendant's motion for summary judgment because it was untimely is without merit (*see generally Miceli v State Farm Mut. Auto. Ins. Co.*, 3 NY3d 725, 727 [2004]; *Brill v City of New York*, 2 NY3d 648, 652 [2004]).

However, we agree with the plaintiff's contention that the defendant failed to meet her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject

accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The papers submitted by the defendant failed to adequately address the plaintiff's claim, set forth in the bill of particulars, that she sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]; *Rouach v Betts*, 71 AD3d 977 [2010]).

In light of the defendant's failure to meet her prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Che Hong Kim v Kossoff*, 90 AD3d at 969). Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Mastro, J.P., Rivera, Austin and LaSalle, JJ., concur.