■ Bo Kyung Kim, Appellant, v Byung Kyu Park et al., Defendants, and Ji Hyun Kim, Respondent. [43 NYS3d 141]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Peck, J.), entered August 6, 2015, as granted the cross motion of the defendant Ji Hyun Kim for summary judgment dismissing the complaint insofar as asserted against her on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, and the cross motion of the defendant Ji Hyun Kim for summary judgment dismissing the complaint insofar as asserted against her is denied.

A vehicle operated by the defendant Ji Hyun Kim (hereinafter the defendant Kim) allegedly collided with a vehicle operated by the defendant Minhye Park and owned by the defendant Byung Kyu Park (hereinafter together the Park defendants). The plaintiff was a passenger in the defendant Kim's vehicle. After the plaintiff commenced this action, the Park defendants moved for summary judgment dismissing the complaint insofar as asserted against them on the issue of liability. The defendant Kim cross-moved for summary judgment on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The Supreme Court granted the motion and the cross motion. The plaintiff appeals from so much of the order as granted the cross motion.

In support of her cross motion, the defendant Kim failed to meet her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The papers submitted in support of the cross motion failed to adequately address the plaintiff's claim, set forth in the bill of particulars, that she sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]; *Rouach v Betts*, 71 AD3d 977 [2010]).

Since the defendant Kim failed to meet her prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Che Hong Kim v Kossoff*, 90 AD3d at 969). Accordingly, the Supreme Court should have denied the defendant Kim's cross motion for summary judgment dismissing the complaint insofar as asserted against her. Rivera, J.P., Dickerson, Maltese and Connolly, JJ., concur.