Floyd v New York City Tr. Auth. (2018 NY Slip Op 08470)





Floyd v New York City Tr. Auth.


2018 NY Slip Op 08470


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2016-12266
2016-12283
 (Index No. 504489/12)

[*1]William Floyd, plaintiff-respondent, 
v
New York City Transit Authority, et al., defendants third-party plaintiffs-appellants, et al., defendant, et al., third-party defendant; Cemusa, Inc., et al., third-party defendants-respondents.


Lawrence Heisler, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for defendants third-party plaintiffs-appellants.
Sakkas, Cahn & Weiss, New York, NY (Matthew Sakkas of counsel), for plaintiff-respondent.
Nicoletti Gonson Spinner LLP, New York, NY (Benjamin N. Gonson and Kevin Loke of counsel), for third-party defendants-respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants third-party plaintiffs, New York City Transit Authority and Metropolitan Transportation Authority, appeal from two orders of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated July 7, 2016, and July 8, 2016, respectively. The order dated July 7, 2016, denied their motion for summary judgment dismissing the complaint. The order dated July 8, 2016, granted that branch of the motion of the third-party defendants Cemusa, Inc., and Cemusa NY, LLC, which was for summary judgment dismissing the third-party complaint.
ORDERED that the order dated July 7, 2016, is affirmed; and it is further,
ORDERED that the order dated July 8, 2016, is reversed, on the law, the branch of the motion of the third-party defendants Cemusa, Inc., and Cemusa NY, LLC, which was for summary judgment dismissing the third-party complaint is denied, and the matter is remitted to the Supreme Court, Kings County, for a determination on the merits of that branch of the subject motion which was to sever the third-party action; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff payable by the defendants third-party plaintiffs, and one bill of costs is awarded to the defendants third-party plaintiffs payable by the third-party defendants Cemusa, Inc., and Cemusa NY, LLC.
The plaintiff, while standing near a bus shelter in Brooklyn, allegedly was injured [*2]when a bus struck the shelter and a glass partition fell from the shelter and struck him. The plaintiff commenced this action against, among others, the New York City Transit Authority and the Metropolitan Transportation Authority (hereinafter together the appellants), to recover damages for personal injuries. The appellants commenced a third-party action against the City of New York and Cemusa, Inc., and Cemusa NY, LLC (hereinafter together Cemusa), for contribution and indemnification, alleging, inter alia, that Cemusa negligently installed and maintained the bus shelter. The appellants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. Subsequently, Cemusa moved for summary judgment dismissing the third-party complaint on the ground that the appellants' negligence was the sole proximate cause of the accident, or, in the alternative, severance of the third-party action. In an order dated July 7, 2016, the Supreme Court denied the appellants' motion for summary judgment dismissing the complaint. In an order dated July 8, 2016, the court granted that branch of Cemusa's motion which was for summary judgment dismissing the third-party complaint. The appellants appeal from both orders.
The appellants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The papers submitted by the appellants failed to adequately address the plaintiff's claim, set forth in the bill of particulars, that he sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Che Hong Kim v Kossoff, 90 AD3d 969; Rouach v Betts, 71 AD3d 977; cf. Richards v Tyson, 64 AD3d 760, 761). Since the appellants failed to meet their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (see Che Hong Kim v Kossoff, 90 AD3d at 969). Accordingly, we agree with the Supreme Court's determination denying the appellants' motion for summary judgment dismissing the complaint.
We disagree with the Supreme Court's determination granting that branch of Cemusa's motion which was for summary judgment dismissing the third-party complaint. Cemusa failed to establish, prima facie, that the appellants' alleged negligence was the sole proximate cause of the plaintiff's injuries (see generally Derdiarian v Felix Contr. Corp., 51 NY2d 308). In light of our determination, we remit the matter to the Supreme Court, Kings County, for a determination of that branch of Cemusa's motion which was to sever the third-party action.
ROMAN, J.P., MILLER, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court