Gregory Pearsall, Respondent,
against
Kyung J. Cha and Leonard A. Daleo, Defendants, Jooyung J. Cha, Appellant.




Sweetbaum & Sweetbaum, Esqs. (Karen L. Lawrence and Joel A. Sweetbaum of counsel), for appellant.
Law Office of Eric H. Green (Eric H. Green, Seth Katz and Marc Gertler of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Maureen A. Healy, J.), entered January 30, 2017. The order, insofar as appealed from, denied defendant Jooyung J. Cha's motion for summary judgment dismissing the complaint.




ORDERED that the order, insofar as appealed from, is affirmed, without costs.
In this action for personal injuries arising from an accident wherein the motor vehicle operated by defendant Jooyung J. Cha (Cha) struck plaintiff as he was on a bicycle, Cha moved for summary judgment dismissing the complaint on the ground that plaintiff had not suffered a serious injury within the meaning of Insurance Law § 5102 (d). By order dated January 30, 2017, the Civil Court, among other things, denied Cha's motion.
Cha failed to make a prima facie showing that plaintiff did not suffer a medically determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident (see Insurance Law § 5102 [d]). Cha's medical expert failed to relate his findings to the relevant period, and Cha failed to adequately address plaintiff's claim, clearly alleged in his bill of particulars, that he had sustained a medically determined injury or impairment of a nonpermanent nature which had prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident in question (see Quintanilla v Campion, 94 AD3d 1076 [2012]; Rouach v Betts, 71 AD3d 977 [2010]). In view of the foregoing, the sufficiency of the opposition papers as to the 90/180-day category need not be considered, as the burden never shifted to plaintiff with respect thereto (see Whack v Williams, 53 AD3d 481 [2008]; Parnes v Mitzy Transp., 44 AD3d 918 [2007]). Thus, the Civil Court properly denied Cha's motion for [*2]summary judgment dismissing the complaint on the issue of serious injury.
Accordingly, the order, insofar as appealed from, is affirmed.
PESCE, P.J., WESTON and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 22, 2019