Serebryany v Royal Seafood Intl., Inc. (2019 NY Slip Op 04982)





Serebryany v Royal Seafood Intl., Inc.


2019 NY Slip Op 04982


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-07301
 (Index No. 165/13)

[*1]Boris Serebryany, appellant, 
v
Royal Seafood International, Inc., etc., et al., respondents.


Bernstone and Grieco, LLP (Steve S. Efron, New York, NY, of counsel), for appellant.
Law Office of Steven G. Fauth, LLC, New York, NY (Gregory Day of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated May 1, 2017. The order, insofar as appealed from, granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries allegedly sustained by him in a motor vehicle accident on September 16, 2012. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The Supreme Court granted the motion, and the plaintiff appeals.
The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The papers submitted by the defendants failed to adequately address the plaintiff's claim, set forth in the bill of particulars, that he sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Che Hong Kim v Kossoff, 90 AD3d 969; Rouach v Betts, 71 AD3d 977). Since the defendants failed to meet their prima facie burden, it is unnecessary to determine whether the submissions of the plaintiff in opposition were sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Che Hong Kim v Kossoff, 90 AD3d at 969).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint.
SCHEINKMAN, P.J., MALTESE, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court