Vega v Moradof (2019 NY Slip Op 06113)





Vega v Moradof


2019 NY Slip Op 06113


Decided on August 7, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JOHN M. LEVENTHAL
ROBERT J. MILLER, JJ.


2018-04696
 (Index No. 607347/16)

[*1]Eddie Vega, et al., appellants, 
v
Sacha Sanam Moradof, et al., respondents, et al., defendant.


Vogel & Associates, P.C., Jericho, NY (Bernard H. Vogel of counsel), for appellants.
Sette & Apoznanski (Russo & Tambasco, Melville, NY [Susan J. Mitola and Gerard Ferrara], of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Jeffrey S. Brown, J.), dated March 27, 2018. The order, insofar as appealed from, granted the motion of the defendants Sacha Sanam Moradof and Payam Moradof which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff Eddie Vega did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendants Sacha Sanam Moradof and Payam Moradof for summary judgment dismissing the complaint insofar as asserted against them is denied.
The plaintiffs commenced this action, inter alia, to recover damages for personal injuries allegedly sustained by the plaintiff Eddie Vega (hereinafter the injured plaintiff) in a motor vehicle accident on February 9, 2016. The defendants Sacha Sanam Moradof and Payam Moradof (hereinafter together the defendants) moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. By order dated March 27, 2018, the Supreme Court, inter alia, granted the defendants' motion. The plaintiffs appeal from so much of the order as granted the defendants' motion.
The defendants failed to meet their prima facie burden of showing that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The papers submitted by the defendants failed to adequately address the injured plaintiff's claim, set forth in the bill of particulars, that he sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Che Hong Kim v Kossoff, 90 AD3d 969; Rouach v Betts, 71 AD3d 977). Since the defendants failed to meet their prima facie burden in this regard, it is unnecessary to determine whether the plaintiffs' submissions in opposition were sufficient to raise a triable issue of fact (see Che Hong Kim v Kossoff, 90 AD3d at 969).
Accordingly, the Supreme Court should have denied the defendants' motion for [*2]summary judgment dismissing the complaint insofar as asserted against them.
SCHEINKMAN, P.J., DILLON, LEVENTHAL and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court