Raphael v City of New York (2021 NY Slip Op 06642)





Raphael v City of New York


2021 NY Slip Op 06642


Decided on November 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
VALERIE BRATHWAITE NELSON
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2018-13284
 (Index No. 703516/17)

[*1]Ashley Raphael, appellant, 
v
City of New York, et al., respondents.


Michael Aviles & Associates, LLC, New York, NY, for appellant.
Baker, McEvoy, Morrissey & Moskovitz, P.C. (Robert D. Grace, Brooklyn, NY, of counsel), for respondents Mirza Limo, Inc., and Adechinan Oussamatou-Nayyif.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered October 31, 2018. The order granted the motion of the defendants City of New York, New York City Police Department, and P.O. George Moore, and the separate motion of the defendants Mirza Limo, Inc., and Adechinan Oussamatou-Nayyif, for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with one bill of costs payable by the defendants, and the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them are denied.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained in a motor vehicle accident on May 27, 2016. The defendants City of New York, New York City Police Department, and P.O. George Moore moved, and the defendants Mirza Limo, Inc., and Adechinan Oussamatou-Nayyif separately moved, for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order entered October 31, 2018, the Supreme Court granted the defendants' separate motions. The plaintiff appeals.
The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The papers submitted by the defendants failed to eliminate triable issues of fact regarding the plaintiff's claim, set forth in the bill of particulars, that she sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Che Hong Kim v Kossoff, 90 AD3d 969; Rouach v Betts, 71 AD3d 977; cf. Richards v Tyson, 64 AD3d 760, 761).
Since the defendants failed to meet their prima facie burden, it is unnecessary to determine whether the submissions by the plaintiff in opposition were sufficient to raise a triable [*2]issue of fact (see Che Hong Kim v Kossoff, 90 AD3d at 969).
Accordingly, the Supreme Court should have denied the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.
MASTRO, J.P., BRATHWAITE NELSON, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court