Fanfan v Sowacki (2022 NY Slip Op 01006)





Fanfan v Sowacki


2022 NY Slip Op 01006


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.


2019-03171
 (Index No. 609807/17)

[*1]Danielle P. Fanfan, appellant,
v
Boguslaw Sowacki, et al., respondents.


Hackett Law, P.C., Garden City, NY (Patrick Hackett and Carlo Sciara of counsel), for appellant.
Baker, McEvoy, Morrisey & Moskovits, P.C. (Robert D. Grace, Brooklyn, NY, of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered December 7, 2018. The order, insofar as appealed from, granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
On June 7, 2017, the plaintiff was a passenger in a vehicle, operated by the defendant Boguslaw Sowacki and owned by the defendant Stream Management Corp., that collided with a parked vehicle. The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained as a result of the accident. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order entered December 7, 2018, the Supreme Court, inter alia, granted the defendants' motion. The plaintiff appeals.
The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The papers submitted by the defendants failed to eliminate triable issues of fact regarding the plaintiff's claim, set forth in her bill of particulars, that she sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Che Hong Kim v Kossoff, 90 AD3d 969; Rouach v Betts, 71 AD3d 977; cf. Richards v Tyson, 64 AD3d 760, 761).
Since the defendants failed to meet their prima facie burden, it is unnecessary to determine whether the submissions by the plaintiff in opposition were sufficient to raise a triable issue of fact (see Che Hong Kim v Kossoff, 90 AD3d at 969).
Accordingly, the Supreme Court should have denied the defendants' motion for [*2]summary judgment dismissing the complaint.
IANNACCI, J.P., RIVERA, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court