Castro-Villatoro v Batista (2022 NY Slip Op 04005)

Castro-Villatoro v Batista

2022 NY Slip Op 04005

Decided on June 22, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.

2019-12969
 (Index No. 612573/17)

[*1]Jose Castro-Villatoro, appellant,
v
Rafael Batista, respondent.

Silverman & Taylor, PLLC, Freeport, NY (Daivery G. Taylor of counsel), for appellant.
Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered September 12, 2019. The order granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident on September 1, 2017. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order entered September 12, 2019, the Supreme Court granted the defendant's motion, and the plaintiff appeals.
The defendant failed to meet his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The papers submitted by the defendant failed to eliminate triable issues of fact regarding the plaintiff's claim, set forth in the bill of particulars, that he sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Che Hong Kim v Kossoff, 90 AD3d 969; Rouach v Betts, 71 AD3d 977; cf. Richards v Tyson, 64 AD3d 760, 761).
Since the defendant failed to meet his prima facie burden, it is unnecessary to determine whether the plaintiff's submissions in opposition were sufficient to raise a triable issue of fact (see Che Hong Kim v Kossoff, 90 AD3d at 969).
Accordingly, the Supreme Court should have denied the defendant's motion for [*2]summary judgment dismissing the complaint.
BARROS, J.P., RIVERA, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court