Khouni v Sidis (2023 NY Slip Op 01080)

Khouni v Sidis

2023 NY Slip Op 01080

Decided on March 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2020-09771
 (Index No. 504614/18)

[*1]Ahmed Khouni, appellant, 
v
Joshua I. Sidis, et al., respondents.

Joseph Deliso, Brooklyn, NY, for appellant.
James G. Bilello, Hicksville, NY (Yamile R. Al-Sullami and Susan J. Mitola of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lillian Wan, J.), dated December 16, 2020. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained when he was struck by a vehicle owned by the defendant Maura Elaine Hart and operated by the defendant Joshua I. Sidis. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated December 16, 2020, the Supreme Court granted the motion. The plaintiff appeals.
The defendants met their prima facie burden of demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants demonstrated, prima facie, that the plaintiff did not sustain a serious injury under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). In opposition, however, the plaintiff raised a triable issue of fact as to whether he sustained serious injuries to the lumbar region of his spine and to his right ankle under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Perl v Meher, 18 NY3d 208).
Additionally, the papers submitted by the defendants failed to eliminate triable issues of fact regarding the plaintiff's claim, set forth in the bill of particulars, that he sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Che Hong Kim v Kossoff, 90 AD3d 969; Rouach v Betts, 71 AD3d 977). Since the defendants failed to meet their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition [*2]were sufficient to raise a triable issue of fact in this regard (see Doubleday v Ferdous, 207 AD3d 522, 523; Che Hong Kim v Kossoff, 90 AD3d at 969).
The defendants' remaining contentions are without merit.
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint.
BARROS, J.P., RIVERA, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court