Fernando v New York City Tr. Auth. (2022 NY Slip Op 02533)

Fernando v New York City Tr. Auth.

2022 NY Slip Op 02533

Decided on April 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
DEBORAH A. DOWLING, JJ.

2020-02914
 (Index No. 520451/16)

[*1]Emmanuella Fernando, appellant, 
v
New York City Transit Authority, et al., defendants third-party plaintiffs-respondents; Braun USA, LLC, third-party defendant-respondent.

Wellerstein & Associates, P.C., Maspeth, NY (Leonora Bloom and Hedva Wellerstein of counsel), for appellant.
Anna J. Ervolina, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for defendants third-party plaintiffs-respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Katherine A. Levine, J.), dated January 10, 2020. The order granted the motion of the defendants third-party plaintiffs for summary judgment dismissing the complaint and the separate motion of the third-party defendant for summary judgment, in effect, dismissing the complaint, on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendants third-party plaintiffs' motion and the third-party defendant's separate motion are denied.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained in a motor vehicle accident on September 8, 2015. The defendants third-party plaintiffs moved for summary judgment dismissing the complaint and the third-party defendant separately moved, in effect, for summary judgment dismissing the complaint, on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order dated January 10, 2020, inter alia, the Supreme Court granted those motions, and the plaintiff appeals.
The movants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). Competent medical evidence was submitted establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). In opposition, however, the plaintiff raised a triable issue of fact as to whether she sustained serious injuries to the cervical and lumbar regions of her spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Perl v Meher, 18 NY3d 208, 218-219).
Since the defendants third-party plaintiffs' expert did not opine as to the cause of the alleged injuries to the cervical and lumbar regions of the plaintiff's spine, the movants failed to establish, prima facie, that those alleged injuries were not caused by the accident. Thus, the burden did not shift to the plaintiff to raise a triable issue of fact regarding causation or to explain any gap in treatment (see Pommells v Perez, 4 NY3d 566, 572; Torres v Rettaliata, 171 AD3d 829, 830).
Accordingly, the Supreme Court should have denied the motions for summary judgment dismissing the complaint.
BARROS, J.P., CHAMBERS, MILLER and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court