Clarke v Doe (2023 NY Slip Op 00204)

Clarke v Doe

2023 NY Slip Op 00204

Decided on January 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2019-14387
 (Index No. 708544/16)

[*1]Jasmin Clarke, appellant, 
v
Joy Doe, defendant, Metropolitan Transportation Authority, et al., respondents.

Dell & Dean, PLLC (Joseph G. Dell and Mischel & Horn, P.C., New York, NY [Scott T. Horn, Lauren E. Bryant, and Nicholas Bruno], of counsel), for appellant.
Zaklukiewicz, Puzo & Morrissey LLP, Islip Terrace, NY (Maria Caraballo-Mitra of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Joseph J. Risi, J.), entered December 31, 2019. The order granted the motion of the defendants Metropolitan Transit Authority, MTA Bus Company, and New York City Transit Authority for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants Metropolitan Transit Authority, MTA Bus Company, and New York City Transit Authority for summary judgment dismissing the complaint insofar as asserted against them is denied.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained in a motor vehicle accident that occurred on September 14, 2015, against, among others, the defendants Metropolitan Transit Authority, MTA Bus Company, and New York City Transit Authority (hereinafter collectively the defendants). The defendants moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order entered December 31, 2019, the Supreme Court granted the motion. The plaintiff appeals.
The defendants failed to meet their prima facie burden of demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Vaccaro v Francolopez, 205 AD3d 760, 762). The evidence submitted by the defendants failed to eliminate triable issues of fact regarding the plaintiff's claim, set forth in her bill of particulars, that she sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Castro-Villatoro v Batista, 206 AD3d 877, 877; Che Hong Kim v Kossoff, 90 AD3d 969; Rouach v Betts, 71 AD3d 977).
Furthermore, since the defendants' expert did not opine as to the cause of the [*2]plaintiff's alleged injuries, the defendants failed to establish, prima facie, that those alleged injuries were not caused by the accident. Thus, the burden did not shift to the plaintiff to raise a triable issue of fact regarding causation or to explain any gap in treatment (see Pommells v Perez, 4 NY3d 566, 572; Fernando v New York City Tr. Auth., 204 AD3d 888, 889; Torres v Rettaliata, 171 AD3d 829, 830).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
BRATHWAITE NELSON, J.P., RIVERA, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court